STATE of Maine

v.

**Elon R. NICHOLS.**

Supreme Judicial Court of Maine.

Argued June 5, 1985.

Decided July 10, 1985.

Janet T. Mills, Dist. Atty., Kevin J. Regan, Asst. Dist. Atty. (orally), Auburn, for plaintiff.

Cloutier, Joyce, Dumas & David Edward H. Cloutier (orally), Livermore Falls, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

Elon Nichols appeals from a judgment entered on a jury verdict in the Superior Court, Franklin County, convicting him of Gross Sexual Misconduct, 17–A M.R.S.A. § 253(1)(B) (1981). On appeal, he argues that the court erred in denying a motion for mistrial when evidence of prior similar conduct between the victim and defendant was heard by the jury, and in its jury instructions concerning absent witnesses and the right to subpoena witnesses. He also argues that the prosecutor in final argument improperly commented on a missing witness. We conclude that the court adequately nullified any prejudicial effect that the errors may have had, so we affirm the judgment.

## I.

The State sought to prove a single act of Gross Sexual Misconduct by the Defendant with this victim, a boy then about thirteen years of age. Following the victim's description of the incident, the Assistant District Attorney asked him whether the Defendant had "ever done anything like this before." Defense counsel objected, but the victim answered "yes" anyway. The court sustained the objection, but denied a defense motion for a mistrial. Counsel for the Defendant did not request a curative instruction, but the court *sua sponte* told the jury that, "[t]he objection is sustained and the answer to the last question will be stricken." In its final instructions the court informed the jury that, "any evidence as to which an objection was sustained by myself and any evidence which you may have been ordered to disregard and/or which has been stricken from the record must be entirely disregarded by you and not considered in any manner whatsoever."

On cross-examination the defense introduced a note, delivered by another boy, that was purportedly sent by the victim to the Defendant after the incident. The victim denied having done so, and the Defendant in his testimony furnished circumstantial evidence tending to contradict him. In argument the prosecutor cast doubt on the note's authenticity by saying, "[t]he note was supposedly delivered by some person. No such person testified in this case that he ever received any such...." The court overruled the defense counsel's immediate objection that it was improper to comment on the Defendant's failure to call a witness.

In its final charge the court referred to the prosecutor's comment, instructing the jury not to speculate "as to what any witness may have said." However, it also told the jury that "any party who wants to call a witness [may] do so and [may] obtain that person's presence by virtue of a subpoena."

## II.

The Defendant argues first that the prosecutor unfairly prejudiced the jury by eliciting the testimony about earlier similar activity, and that the prejudice was not dispelled by the court's instructions. The

State responds that the testimony was admissible in any event. Without addressing whether it was erroneously excluded, we conclude that the court adequately cured any undue prejudice by its instructions to the jury.

In this brief trial the jurors heard the victim's testimony in mid-afternoon of the first day, and they received their instructions early the following morning. The court told them immediately after the testimony that the Defendant's objection was sustained, and that the answer was stricken. We presume that the jurors remembered that admonition when the court in its final instructions twice cautioned them to disregard any stricken testimony. *State v. Cugliata*, 372 A.2d 1019, 1033 (Me.1977).

 The presiding Justice has considerable discretion in deciding how best to correct a trial error. "Only where there are exceptionally prejudicial circumstances or prosecutorial bad faith will a curative instruction be deemed inadequate to eliminate the prejudice." *State v. Hilton*, 431 A.2d 1296, 1302 (Me.1981). Having examined this record, we cannot say that the effect of the testimony was incurably prejudicial.

◼ Similarly, we hold that the prosecutor's comment on the absence of the boy who, according to the Defendant, delivered the note, was cured by the court's instruction. "Although we have not found prosecutorial comment on a witness's absence to be *per se* improper, we have recognized that it can be unfair [in] certain circumstances." *State v. Whitman*, 429 A.2d 203, 207 (Me.1981). Here, the court specifically instructed the jury not to speculate "as to what any witness may have said." This was not a case of prosecutorial overreaching, as occurred in *Whitman*. Nor did the court instruct the jury that it *should* consider the Defendant's failure to produce the witness, as the *Whitman* court did. Instead it did just the opposite. Its instruction was sufficient in the circumstances.

◼ Despite having given that instruction, however, the court went on to inform the jury that either party might subpoena any witness it wished. This tended to contradict the effect of the instruction not to consider the absence of any witness. The Defendant argues that it improperly suggested that any missing witness would testify adversely to him. The prosecutor responds that *both* attorneys commented on the absence of potential witnesses. We are handicapped by the parties' failure to include the complete text of both arguments in the record. From what we do have before us, we conclude that this final instruction may have been confusing, but that it was not unduly prejudicial.

The entry is:

Judgment affirmed.

All concurring.